UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**STEWART BROTHERS INDEPENDENT CONTRACTORS, LLC**

**VERSUS**

**RENATA LAKES APARTMENTS, L.P.**

**CIVIL ACTION**

**No. 11-579**

**SECTION I**

### ORDER

Before the Court is a motion[1] filed by defendant, Renata Lakes Apartments, L.P. ("Renata Lakes"), requesting leave to file a counterclaim nearly four months after the deadline established by this Court's scheduling order. Plaintiff, Stewart Brothers Independent Contractors, LLC ("Stewart Brothers"), has filed an opposition.[2] For the following reasons, the motion is **DENIED**.

### *BACKGROUND*

On February 10, 2010, Renata Lakes hired Stewart Brothers to gut and rehabilitate 83 apartment units at the Renata Lakes Apartments.[3] Stewart Brothers alleges that Renata Lakes interfered with its performance by, among other things, stopping work for extended periods of time, ordering the performance of work out of sequence, and requiring Stewart Brothers to perform additional work not contemplated by their contract.[4] Stewart Brothers claims that Renata Lakes ultimately terminated their contract without cause.[5]

---

[1] R. Doc. No. 12.
[2] R. Doc. No. 13.
[3] R. Doc. No. 1-2.
[4] R. Doc. No. 1-2.
[5] R. Doc. No. 1-2.

1

On February 4, 2011, Stewart Brothers filed suit to recover damages in the amount of $183,550.00 plus attorney's fees and costs.[6] On May 26, 2011, another section of this Court issued a scheduling order setting forth various pretrial deadlines and a trial date.[7] The scheduling order provided that "[a]mendments to pleadings, third-party actions, cross-claims and counter-claims shall be filed no later than JUNE 24, 2011 (30 days from the date of the Preliminary Conference)."[8] The discovery deadline was set for December 27, 2011 and the trial was scheduled to commence on February 13, 2012.[9]

On October 19, 2011, Renata Lakes filed the present motion for leave to file an out-of-time counterclaim.[10] Renata Lakes alleges in its proposed pleading that Stewart Brothers failed to perform its services in a workmanlike manner and that it is indebted to Renata Lakes in the amount of $57,192.38 plus delay penalties.[11] Renata Lakes claims that it discovered the counterclaim while analyzing its own documents in response to a request for production of documents.[12] Stewart Brothers opposes the amendment on the grounds that Renata Lakes has not shown good cause to file an out-of-time counterclaim.[13]

## LAW AND ANALYSIS

Rule 15 of the Federal Rules of Civil Procedure provides that leave to amend the pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). However, the Fifth Circuit has explicitly held that Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired. *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003); *S & W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th

---

[6] R. Doc. No. 1-2.
[7] R. Doc. No. 9.
[8] R. Doc. No. 9.
[9] R. Doc. No. 9.
[10] R. Doc. No. 12.
[11] R. Doc. No. 12-4.
[12] R. Doc. No. 12-2.
[13] R. Doc. No. 13.

Cir. 2003). Rule 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Only when the movant demonstrates good cause to modify a scheduling order "will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *S & W Enters.*, 315 F.3d at 536.

The good cause requirement for a modification of a scheduling deadline requires the "party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S & W Enters.*, 315 F.3d at 535 (citation and internal quotation omitted). A trial court has broad discretion to preserve the integrity and purpose of its pretrial orders "which, toward the end of court efficiency, is to expedite pretrial procedure." *Id.* The Fifth Circuit has set forth a four-part test governing the exercise of this Court's discretion in determining whether a movant has established good cause. *Id.* at 536. The Court considers (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *Id.*

In this case, the first, third, and fourth factors weigh against allowing Renata Lakes to file its counterclaim. Renata Lakes offers no reason for its failure to raise this counterclaim in a timely fashion. It discovered the counterclaim in its own documents and it agrees that the counterclaim involves the same facts, documentary evidence, and witnesses as those implicated by Stewart Brothers' complaint. Stewart Brothers would suffer prejudice from having to rush to conduct additional discovery in order to prepare a defense to this counterclaim with less than thirty days remaining before the discovery deadline. *See id.* at 536-37. Granting a continuance to allow for such discovery under these circumstances would unnecessarily delay the February

13, 2012 trial date. Therefore, Renata Lakes has failed to show good cause under Rule 16(b) to modify the scheduling order and allow the filing of an untimely counterclaim.

Accordingly,

**IT IS ORDERED** that the motion for leave to file a counterclaim is **DENIED**.


New Orleans, Louisiana, December 1, 2011.

                                              **LANCE M. AFRICK**
                                    **UNITED STATES DISTRICT JUDGE**